| DISTRICT COURT OF THE VIRGIN ISLANDS |
| :---: |
| DIVISION OF ST. CROIX |

UNITED STATES OF AMERICA,

                                        Plaintiff,                    2006-CV-0066

    v.

$6,734.00, MORE OR LESS, IN UNITED
STATES CURRENCY,

                                        Defendants.

_____

TO:   Timothy J. Abraham, Esq.
      Jomo Meade, Esq.


### ORDER DENYING MOTION TO SET ASIDE DEFAULT JUDGMENT

THIS MATTER came before the Court upon the Motion to Set Aside Default (Docket

No. 13) of Claimant Shusta Gumbs.  Plaintiff filed an opposition thereto, and the time for

filing a reply has expired.

## DISCUSSION

As provided in Fed. R. Civ. P. 55(c), the Court may set aside an entry of default

"upon good cause shown."  The determination of "good cause" and whether to set aside

a default is within the sound discretion of the court.  *Tozer v. Charles A. Krause Milling Co.*,

189 F.2d 242, 244 (3d Cir. 1951).  Moreover, courts are encouraged to exercise their

discretion liberally because resolving cases on their merits is generally preferred.

*United States v. $6,734.00 in U.S. Currency*
2006-CV-0066
Order Denying Motion to Set Aside Default
Page 2

*Drummond v. Crime Prevention Ass'n of Philadelphia*, Civil No. 00-1540, 2000 WL 1507073 at

*1 (E.D.Pa. October 10, 2000) (citing *Maxnet Holdings, Inc. v. Maxnet, Inc.*, No. 98-3921, 1999

U.S. Dist. LEXIS 899, at *3-4 (E.D.Pa. Feb. 1, 1999)).

Under the guidelines articulated by the Third Circuit Court of Appeals, the Court

must consider certain factors in determining whether "good cause" exists to set aside an

entry of default, including: 1.) whether setting aside the default prejudices Plaintiff, 2.)

whether Defendant has a meritorious defense, 3.) whether Defendant's conduct is

excusable, and 4.) whether alternative sanctions are appropriate.  *Emcasco Ins. Co. v.

Sambrick*, 834 F.2d 71, 73-74 (3d Cir. 1987) (citations omitted).

In the matter at bar, the Court finds that Plaintiff will be prejudiced by setting aside

the default.  Default judgment has been entered against Claimant, not merely an entry of

default.  In addition, Claimant waited over a year to file his answer.  Despite the fact that

Claimant's answer was filed prior to the entry of default and default judgment, Claimant

was on notice that he had thirty (30) days from the filing of the action within which to file

a statement of interest or claim and then an additional twenty days to file an answer.

Clearly, Claimant's answer was filed outside of this time period, and at no time did

Claimant request additional time for filing an answer.

*United States v. $6,734.00 in U.S. Currency*
2006-CV-0066
Order Denying Motion to Set Aside Default
Page 3

In addition, Claimant's Answer in this matter does not proffer a meritorious defense. The "showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial would constitute a complete defense to the action.'" *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). The *$55,518.05 in U.S. Currency* court held that the answer must "allege[] specific facts beyond simple denials or conclusionary statements." 728 F. 2d at 195 (citations omitted). In the matter at bar, a review of Claimant's answer shows that it contains only simple denials of the allegations. "[O]ne cannot find a word suggesting even one alleged fact that might provide an inference of a meritorious defense." *Id*. at 196. Claimant's "simple denial [is] insufficient to meet his burden of showing that the money was not" proceeds traceable to a drug transaction. *Id*.

Further, the record reflects that the government filed its Request to Enter Default and Motion For Judgment of Forfeiture in this matter on July 3, 2007. Entry of Default was entered on July 3, 2007, and Judgment of Forfeiture was entered on July 16, 2007. Claimant's Motion to Set Aside Default Judgment was filed on November 21, 2007, over four (4) months after the entry of judgment. While Claimant asserts that counsel did not receive notice of the government filings, the certificate of service attached to the government's Request to Enter Default (Docket No. 10) indicates that a copy thereof was

*United States v. $6,734.00 in U.S. Currency*
2006-CV-0066
Order Denying Motion to Set Aside Default
Page 4

sent to Claimant at the same address by which the government notified him of the filing

of the complaint in the above-captioned matter.  Thus, the Court finds that Claimant

received actual notice of the default proceedings and could have moved to protect his

interests in a more timely fashion.

Finally, the Court finds that no alternative sanction is appropriate.

Based upon the foregoing, it is now hereby **ORDERED** that Motion of Claimant

Shusta Gumbs to Set Aside Default Judgment (Docket No. 13) is **DENIED**.


ENTER:


Dated: February 7, 2008                                  _____/s/_____
                                                         GEORGE W. CANNON, JR.
                                                         U.S. MAGISTRATE JUDGE